UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALISIA DAILY,

and

GREGORY DANIELS,

For themselves and on behalf of all
similarly situated individuals.

    Plaintiffs,

v.

NCO FINANCIAL SYSTEMS, INC.

and

NCO CUSTOMER MANAGEMENT, INC.

and

NCO GROUP, INC.,

    Defendants.

CIVIL ACTION NO.: 3:09CV031

## CLASS COMPLAINT

COME NOW, the Plaintiffs, Alisia Daily and Gregory Daniels, on behalf of themselves and all similarly situated individuals and allege the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records

background check several important procedural requirements designed to protect consumers like Plaintiffs. Plaintiffs applied for jobs at Defendants and Defendants used consumer reports containing inaccurate information that it obtained from third party Securint to decline to hire Plaintiffs. In doing so, Defendants failed to comply with the procedural protections and requirements imposed on it by the FCRA.

## JURISDICTION/VENUE

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants regularly do business in the district and division.

4. Defendants NCO Financial Systems, Inc. and NCO Customer Management, Inc. also maintain the offices of their registered agents for service of process in Glen Allen, Virginia, which office is located in this district and division.

5. Defendants have contracted to supply services or things in the Commonwealth of Virginia.

6. Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

7. Plaintiffs intends to serve Defendant NCO Group, Inc. through the Secretary of the Commonwealth.

## PARTIES

8. Alisia Daily (hereinafter "Daily") is a citizen of Virginia Beach, Virginia and a "consumer" as protected and governed by the FCRA

9. Gregory Daniels (hereinafter "Daniels") is a citizen of Spring, Texas and a "consumer" as protected and governed by the FCRA.

10. NCO Financial Systems, Inc. (hereinafter "NCO Financial") is a Pennsylvania corporation doing business throughout the United States, including Virginia.

11. At all times relevant hereto, NCO Financial was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

12. NCO Customer Management, Inc. (hereinafter "NCO Customer Management") is a Pennsylvania corporation doing business throughout the United States, including Virginia.

13. At all times relevant hereto, NCO Customer Management was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

14. Defendant NCO Group, Inc. (hereinafter "NCO Group") is a Delaware corporation doing business throughout the United States, including Virginia.

15. At all times relevant hereto, NCO Group was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

16. Securint supplied the criminal background checks for each of the class representatives to Defendants.

17. During the FCRA statute of limitations period, Securint was a "consumer reporting agency" as governed by the FCRA.

18. During the FCRA statute of limitations period, Securint was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

19. Upon information and belief, Defendants also obtained consumer reports from

additional consumer reporting agencies during the FCRA statute of limitations period, and those employees and prospective employees who suffered an adverse employment decision are included in the prospective class.

20. Upon information and belief, any additional consumer reporting agencies that supplied consumer reports to Defendants were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

### FACTS AS TO DAILY

21. Daily applied for a job with Defendants in Virginia Beach, Virginia in May 2007.

22. As part of the application process, Daily may have authorized a criminal background check.

23. Defendants authorized Vericon Resources, Inc. to obtain the criminal background check on Daily.

24. Vericon Resources, Inc. obtained a criminal background check on Daily from Securint in May 2007.

25. The criminal background check incorrectly attributed a conviction for sale of a counterfeit record to Daily.

26. Vericon Resources, Inc. on behalf of Defendants informed Daily that it had earlier determined that she would not be hired after all because of the aforesaid conviction.

27. Daily had been promised compensation of $12.00 per hour at Defendants if her background check was satisfactory.

28. At the end of May 2007 Daily filed a request for reinvestigation with Securint.

29. In July 2007 Securint issued a revised report and deleted the conviction for another individual which had prevented Daily from obtaining the job at Defendants.

30. At that point Defendants were no longer hiring.

## FACTS AS TO DANIELS

31. Daniels applied for a job with Defendants in Texas in November 2006.

32. As part of the application process, Daniels may have authorized a criminal background check.

33. Defendants authorized Vericon Resources, Inc. to obtain the criminal background check on Daniels.

34. Vericon Resources, Inc. obtained the criminal background check on Daniels from Securint in November 2006.

35. The criminal background check obtained from Securint on Daniels listed convictions for cocaine and cannabis possession for a different individual.

36. Daniels had been accepted for employment at Defendants subject to the results of the criminal background check.

37. Daniels had actually begun his two week training with Defendants.

38. After the completion of his two weeks of training, Defendants physically removed Plaintiff from their work premises and told him that they had earlier determined that the results of his criminal background check barred his employment with Defendants.

39. Despite Daniels' request for a copy of the criminal background check, Defendants refused to provide him a copy of the criminal background check or a written summary of his rights under the FCRA before or even at the time it withdrew its offer of employment.

40. Instead, Defendants provided Daniels with the toll-free telephone number for Securint.

41. Daniels promptly disputed orally and later in writing to Securint the errors in his consumer report.

42. Upon information and belief, Securint suppressed the convictions and issued a clear report.

43. The foregoing process took a number of months and caused Daniels to lose his position at Defendants.

## FACTS COMMON TO ALL PLAINTIFFS

44. Defendants failed to provide a copy of the criminal background report a sufficient amount of time before it took the adverse action to allow Plaintiffs to discuss the report with Defendants or otherwise respond before the adverse action was taken.

45. Defendants failed to hire/fired Plaintiffs without providing them with any advance notice that they were going to take that adverse action, without providing them with a copy of the criminal background report, and without providing them with a summary of their rights under the FCRA.

46. Defendants failed to provide the oral, written or electronic notices required by FCRA, 15 U.S.C. §1681m.

47. Upon information and belief, it is Defendants' standard hiring practice to rely on criminal background checks, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without giving them any advance notice of the adverse action, without first providing them with a copy of their criminal background report, without providing them with a

6

summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

48. As a result of these FCRA violations, Defendants are liable to Plaintiffs and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the four violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

49. Plaintiffs and FCRA Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiffs, and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

50. **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. §1681p, against whom Defendants took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. §§1681b and m.

51. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the

pendency of this action by published and/or mailed notice.

52. **Existence and Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendants provide a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee (§ 1681b) based on the results thereof;

b. Whether Defendants provide a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b);

c. Whether the Defendants provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken;

d. Whether the Defendants provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report;

e. Whether Defendants knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

f. Whether Defendants' conduct constituted violations of FCRA, 15 U.S.C. § 1681b.

53. **Typicality.** FED. R. CIV. P. 23(a)(3)). Plaintiffs' claims are typical of the claims

of each Class member. Plaintiffs for class certification purposes seek only statutory and punitive damages. Plaintiffs would only seek individual or actual damages if class certification is denied. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

54. **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Class.

55. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

56. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

57. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

58. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because they failed to provide a copy of the consumer report used to make an employment decision to Plaintiffs and all others similarly situated before taking an adverse action that was based in whole or in part on that report.

59. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

61. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

62. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

63. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because

they failed to provide Plaintiffs and all others similarly situated the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

64. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

66. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT THREE: VIOLATION OF THE FCRA § 1681m

67. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

68. Defendants willfully violated the FCRA, 15 U.S.C. §1681m because they failed to provide Plaintiffs and all other similarly situated with oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

69. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to15 U.S.C. § 1681n(a)(1)(A).

70. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

71. In the alternative to the Plaintiffs' allegations that these violations were willful,

they allege that the violations were negligent and seek appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT FOUR: VIOLATION OF THE FCRA § 1681m

72. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

73. Defendants willfully violated the FCRA, 15 U.S.C. §1681m because they failed to provide Plaintiffs and all other similarly situated with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report.

74. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

75. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

76. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek appropriate remedy, if any, under 15 U.S.C. §1681o.

77. If and when appropriate, Plaintiffs seek issue certification as to whether Defendants' violations of the FCRA, 15 U.S.C. §1681b and §1681m, were negligent.

78. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiffs and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

ALISIA DAILY AND GREGORY DANIELS
For themselves and on behalf of all similarly situated individuals.

Date: 1/12/09        By: _____
                          Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiffs
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com