UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALISIA DAILY,

and

GREGORY DANIELS,

For themselves and on behalf of all
similarly situated individuals.

      Plaintiffs,

v.                                                      CIVIL ACTION NO.:3:09cv031

NCO FINANCIAL SYSTEMS, INC.

and

NCO CUSTOMER MANAGEMENT, INC.

and

NCO GROUP, INC.,

      Defendants.

---

**AMENDED CLASS COMPLAINT**

---

      COME NOW, the Plaintiffs, Alisia Daily and Gregory Daniels, on behalf of themselves and all similarly situated individuals and allege the following claims:

**INTRODUCTION**

      1.    This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like

Plaintiffs. Plaintiffs applied for jobs at Defendants and Defendants used unauthorized consumer reports containing inaccurate information that they obtained from a credit reporting agency to decline to hire Plaintiffs. In doing so, Defendants failed to comply with the procedural protections and requirements imposed on them by the FCRA.

## JURISDICTION/VENUE

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants regularly do business in the district and division.

4. Defendants NCO Financial Systems, Inc. and NCO Customer Management, Inc. also maintain the offices of their registered agents for service of process in Glen Allen, Virginia, which office is located in this district and division.

5. Defendants have contracted to supply services or things in the Commonwealth of Virginia.

6. Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

7. Plaintiffs intends to serve Defendant NCO Group, Inc. through the Secretary of the Commonwealth.

## PARTIES

8. Alisia Daily (hereinafter "Daily") is a citizen of Virginia Beach, Virginia and a "consumer" as protected and governed by the FCRA

9. Gregory Daniels (hereinafter "Daniels") is a citizen of Spring, Texas and a

"consumer" as protected and governed by the FCRA.

10. NCO Financial Systems, Inc. (hereinafter "NCO Financial") is a Pennsylvania corporation doing business throughout the United States, including Virginia.

11. At all times relevant hereto, NCO Financial was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

12. NCO Customer Management, Inc. (hereinafter "NCO Customer Management") is a Pennsylvania corporation doing business throughout the United States, including Virginia.

13. At all times relevant hereto, NCO Customer Management was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

14. Defendant NCO Group, Inc. (hereinafter "NCO Group") is a Delaware corporation doing business throughout the United States, including Virginia.

15. At all times relevant hereto, NCO Group was a "user" of the consumer reports of Plaintiffs, as governed by the FCRA.

16. Securint supplied the consumer reports for each of the class representatives to Defendants.

17. During the FCRA statute of limitations period, Securint was a "consumer reporting agency" as governed by the FCRA.

18. During the FCRA statute of limitations period, Securint was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

19. Upon information and belief, Defendants also obtained consumer reports from additional consumer reporting agencies during the FCRA statute of limitations period, and those

employees and prospective employees who suffered an adverse employment decision are included in the prospective class.

20. Upon information and belief, any additional consumer reporting agencies that supplied consumer reports to Defendants were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

## FACTS AS TO DAILY

21. Daily applied for a job with Defendants in Virginia Beach, Virginia in May 2007.

22. As part of the application process, Daily may have authorized a consumer report.

23. If Daily authorized a consumer report, the authorization was not a clear and conspicuous disclosure made in writing before the report was procured in a document that consisted solely of the disclosure. Thus Defendants lacked a permissible purpose to obtain Daily's consumer report.

24. Defendants authorized Vericon Resources, Inc. to obtain the consumer report on Daily on their behalf.

25. Vericon Resources, Inc. obtained a consumer report on Daily from Securint in May 2007.

26. The consumer report obtained from Securint on Daily incorrectly listed a conviction for sale of a counterfeit record for a different individual.

27. Vericon Resources, Inc. on behalf of Defendants informed Daily that it had earlier determined that she would not be hired after all because of her consumer report.

28. Defendants failed to provide Daily with a copy of the consumer report or written

summary of her rights under the FCRA before or even at the time they informed her that they had withdrawn their offer of employment.

29. At the end of May 2007 Daily filed a request for reinvestigation with Securint.

30. In July 2007 Securint issued a revised report.

31. At that point Defendants informed Daily that they were no longer hiring.

## FACTS AS TO DANIELS

32. Daniels applied for a job with Defendants in Texas in November 2006.

33. As part of the application process, Daniels may have authorized a consumer report.

34. If Daniels authorized a consumer report, the authorization was not a clear and conspicuous disclosure made in writing before the report was procured in a document that consisted solely of the disclosure. Thus Defendants lacked an impermissible purpose to obtain Daniels' consumer report.

35. Defendants authorized Vericon Resources, Inc. to obtain the consumer report on Daniels on their behalf.

36. Vericon Resources, Inc. obtained the consumer report on Daniels from Securint in November 2006.

37. The consumer report obtained from Securint on Daniels listed convictions for cocaine and cannabis possession for a different individual.

38. Daniels had been accepted for employment at Defendants subject to the results of the consumer report.

39. Daniels had actually begun his two week training with Defendants.

5

40. After the completion of his two weeks of training, Defendants physically removed Plaintiff from their work premises and told him that they had earlier determined that the results of his consumer report barred his employment with Defendants.

41. Despite Daniels' request for a copy of the consumer report, Defendants refused to provide him a copy of the consumer report or a written summary of his rights under the FCRA before or even at the time they withdrew their offer of employment.

42. Instead, Defendants provided Daniels with the toll-free telephone number for Securint.

43. Daniels promptly disputed orally and later in writing to Securint the errors in his consumer report.

44. Upon information and belief, Securint issued a clear report.

45. The foregoing process took a number of months and caused Daniels to lose his position at Defendants.

## FACTS COMMON TO ALL PLAINTIFFS

46. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report*, *or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that

person.

47. Section 1681b(b)(2)(A) therefore imposes the duty on Defendants to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report about them will be procured. Further, 1681b(b)(2)(A) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) thus prohibits Defendants from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple conflicting documents to obtain the authorization.

48. Additionally, § 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

49. The purpose of 1681b(b)(3)(A) is to provide a prospective or current employees a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

50. Defendants procured consumer reports for Plaintiffs and those similarly situated

for employment purposes without first obtaining their written authorization to do so on a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

51. Defendants failed to provide a copy of the consumer report a sufficient amount of time before they took the adverse action to allow Plaintiffs to discuss the report with Defendants or otherwise respond before the adverse action was taken.

52. Defendants failed to hire/fired Plaintiffs without providing them with any advance notice that they were going to take that adverse action, without providing them with a copy of the consumer report, and without providing them with a summary of their rights under the FCRA.

53. Defendants failed to provide the oral, written or electronic notices required by FCRA, 15 U.S.C. §1681m to Plaintiffs.

54. Upon information and belief, it is Defendants' standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

**Defendants Acted Willfully**

55. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the

promulgations of the Federal Trade Commission. Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

56.     Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiffs and other members of the class of their rights under the FCRA.

57.     As a result of these FCRA violations, Defendants are liable to Plaintiffs and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the four violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

58.     Plaintiffs and FCRA Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiffs, and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

59.     **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency.

60. **The FCRA Sub-Classes**. Plaintiff also alleges the following FCRA Sub-Classses, of which Plaintiff is a member:

   a. All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendants took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);

   b. All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendants took an adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer under the FCRA, as required by the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendants took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken, as required by the FCRA, 15 U.S.C. §1681m(a)(2)(B);

   d. All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendants took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report, as required by the FCRA, 15 U.S.C. §1681m(a)(3)(A).

  61. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

  62. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendants violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

   b. Whether Defendants violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

   c. Whether Defendants obtained a written authorization to procure or cause to be procured consumer reports for employment purposes (§1681b(b)(2)

(A)(ii));

  d. Whether Defendants provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

  e. Whether Defendants provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

  f. Whether the Defendants provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken (§ 1681m(a)(2)(B));

  g. Whether the Defendants provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report (§ 1681m(a)(3)(A));

  h. Whether Defendants knowingly and intentionally acted in conscious disregard of the rights of the consumer;

63. **Typicality. FED. R. CIV. P. 23(a)(3))**. Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs for class certification purposes seek only statutory and punitive damages. Plaintiffs would only seek individual or actual damages if class certification is denied. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members

of the Class.

64. **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Class.

65. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

66. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate

equitable injunctive relief with respect to Plaintiffs and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

67. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

68. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because they failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

69. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

70. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

71. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(ii)

72. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

73. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because they failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff and those similarly situated applicants and employees.

74. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

75. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

76. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

77. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

78. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because they failed to provide a copy of the consumer report used to make an employment decision to Plaintiffs and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

79. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

80. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

81. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

82. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

83. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because they failed to provide Plaintiffs and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

84. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

85. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

86. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FIVE: VIOLATION OF THE FCRA §1681m(a)(2)(B)

87. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

88. Defendants willfully violated the FCRA, §1681m(a)(2)(B) because they failed to provide Plaintiffs and all other similarly situated applicants and employees with oral, written or electronic notice that the credit reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

89. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

90. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

91. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT SIX: VIOLATION OF THE FCRA §1681m(a)(3)(A)

92. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

93. Defendants willfully violated the FCRA, 15 U.S.C. §1681m(a)(3)(A) because they failed to provide Plaintiffs and all other similarly situated applicants and employees with oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the consumer report on the consumer from the consumer reporting agency which prepared the report.

94. Plaintiffs seek statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

95. Plaintiffs seek punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

96. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

97. If and when appropriate, Plaintiffs seek issue certification as to whether Defendants' violations of the FCRA, 15 U.S.C. §1681b and §1681m, were negligent.

98. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiffs and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**ALISIA DAILY AND GREGORY DANIELS**
**For themselves and on behalf of all similarly situated individuals.**

By:    /s/ Christopher Colt North
              Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiffs
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com