IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ALISIA DAILY et al, | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   Civil Action No.: 3:09-cv-031-RLW |
| NCO FINANCIAL SYSTEMS, INC. et al, | ) ) |
|     Defendants. | ) ) |
| NCO FINANCIAL SYSTEMS, INC., | ) ) |
|     Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| VERICON RESOURCES, INC., | ) ) |
|     Third-Party Defendant. | ) ) |

## ANSWER

VERICON RESOURCES, INC. ("Vericon") states the following for its Answer to Third-Party Plaintiff, NCO Financial Systems, Inc.'s Third-Party Complaint:

### NATURE OF THE CASE

1.    Vericon admits that the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, imposes certain legal requirements relating to the use of certain consumer information. The Act and its specific requirements speak for themselves. Further, the allegations contained in Paragraph 1 state a legal conclusion to which no response is required from Vericon. To the extent a response is deemed to be required, Vericon denies these allegations and demands strict proof thereof.

2. Vericon admits that Plaintiffs Alisia Daily and Gregory Daniels have filed suit against NCO Financial Systems, Inc., NCO Customer Management, Inc. and NCO Group, Inc. alleging violations of the Fair Credit Reporting Act. Plaintiffs' allegations are contained in their Amended Complaint and speak for themselves. Plaintiffs make no allegations against Vericon. Further, the allegations contained in Paragraph 2 state a legal conclusion to which no response is required from Vericon. To the extent a response is deemed to be required, Vericon denies the remaining allegations contained in Paragraph 2 and demands strict proof thereof.

## JURISDICTION/VENUE

3. The allegations contained in Paragraph 3 state a legal conclusion to which no response is required from Vericon.

4. The allegations contained in Paragraph 4 state a legal conclusion to which no response is required from Vericon.

5. The allegations contained in Paragraph 5 state a legal conclusion to which no response is required from Vericon.

## PARTIES

6. Vericon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, denies these allegations and demands strict proof thereof.

7. Vericon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore, denies these allegations and demands strict proof thereof.

8. Upon information and belief, Vericon admits that NCO Financial Systems, Inc. is a Pennsylvania corporation and that it conducts business in the Commonwealth of Virginia. Vericon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and therefore, denies these allegations and demands strict proof thereof.

9. Vericon admits that it is a Georgia corporation with its principal place of business located in Norcross, Georgia. Vericon admits that it conducts business in the Commonwealth of Virginia. Vericon denies the remaining allegations contained in Paragraph 9 and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT

10. Vericon adopts and incorporates by reference its responses to the foregoing Paragraphs 1-9.

11. Vericon admits the allegations contained in Paragraph 11.

12. Vericon admits that it entered into an agreement to provide pre-employment information services. The specific terms, conditions and services to be provided pursuant to the agreement speak for themselves. Vericon denies the remaining allegations contained in Paragraph 12 and demands strict proof thereof.

13. Vericon admits that it entered into an agreement to provide pre-employment information services. The terms, conditions and services to be provided pursuant to the agreement speak for themselves. Vericon admits that Exhibit B to the Third-Party Complaint states that Vericon "agrees to indemnify, hold harmless and defend NCO its past and present partners, directors, affiliates, subsidiaries, officers, agents employees, and contractors, against any loss, cost, or damage that may be sustained by reason of VRI's failure to comply with such

laws and regulations, unless resulting solely from the negligence of NCO." Vericon denies the remaining allegations contained in Paragraph 13 and demands strict proof thereof.

    14.    Vericon admits that, in May 2007, it was retained by NCO to administer NCO's Employee Eligibility Program. Vericon admits that it entered into an addendum relating to its providing pre-employment information services. The terms, conditions and services to be provided pursuant to the addendum speak for themselves. Vericon admits that the addendum attached as Exhibit C to the Third-Party Complaint states that "Vericon is responsible for contacting applicants when information clarification is required, and dissimulating Adverse Action notices as directed by NCO." Vericon denies the remaining allegations contained in Paragraph 14 and demands strict proof thereof.

    15.    Vericon admits that it provided certain pre-employment information services from 2003-2007. Vericon admits that NCO administered its own Employee Eligibility Program prior to May 2007. Vericon denies the remaining allegations contained in Paragraph 15 and demands strict proof thereof.

    16.    Vericon admits that it provided certain pre-employment information services from 2003-2007. Vericon denies the remaining allegations contained in Paragraph 16, including all allegations of negligence and breach of contract.

    17.    Vericon admits that NCO is seeking indemnification from Vericon. Vericon denies the remaining allegations contained in Paragraph 17 and demands strict proof thereof.

    18.    Vericon admits that NCO is seeking reimbursement for attorneys' fees and litigation costs. Vericon denies that it is liable to NCO for any attorneys' fees and litigation costs. Vericon denies the remaining allegations contained in Paragraph18 and demands strict proof thereof.

19. Vericon denies all allegations contained in the Third-Party Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

20. The Third-Party Complaint fails to state a claim against Vericon upon which relief may be granted.

21. Vericon denies that it breached any contract between it and the Third-Party Plaintiff.

22. Vericon denies that it breached any duty owed to the Third-Party Plaintiff.

23. Vericon denies that the Third-Party Plaintiff is entitled to indemnification based on the alleged facts and circumstances of this action.

24. Vericon denies that it violated any provisions of the Fair Credit Reporting Act as alleged in the Third-Party Complaint.

25. Vericon denies that it is liable to the Third-Party Plaintiff in any amount or for any reason.

26. The Third-Party Plaintiff's alleged damages, if any, were proximately caused by the acts, negligence or fault of other persons or entities for whom Vericon is not legally liable or responsible.

27. The Third-Party Plaintiff may have breached its contractual obligations and/or duties, thereby barring recovery from Vericon.

28. The Third-Party Plaintiff may have been guilty of contributory negligence, and its negligence was a proximate cause of the alleged damages.

29. Assuming that the Third-Party Plaintiff suffered any damages, it has failed to mitigate its damages and take other reasonable steps to avoid or reduce its damages.

30. The claims for which the Third-Party Plaintiff seeks indemnification are barred by the applicable statutes of limitation.

31. The claims for which the Third-Party Plaintiff seeks indemnification fail to satisfy the requirements for class certification.

32. The claims for which the Third-Party Plaintiff seeks indemnification may be barred by laches, waiver, estoppel, and/or unclean hands.

33. To the extent that a violation(s) of the Fair Credit Reporting Act is established, any such violation(s) was not willful and occurred despite the maintenance of reasonable policies and procedures to avoid such violation(s).

34. Any violation of the Fair Credit Reporting Act, which is expressly denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

35. Venue is improper in this division as Plaintiffs reside in Virginia Beach and Texas, respectively.

36. To the extent that the Third-Party Plaintiff seeks indemnification for an award of punitive damages, Vericon states that such an award of punitive damages may be unconstitutional, violating the due process rights of Vericon, and therefore, not recoverable against Vericon in this action.

37. Vericon will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

WHEREFORE, for the foregoing reasons, Vericon respectfully requests that the Third-Party Plaintiff's Complaint against Vericon be dismissed with prejudice, and that Vericon be awarded costs and expenses, including reasonable attorneys' fees.

VERICON RESOURCES, INC.

By Counsel

_____/s/_____
Charles K. Seyfarth (VSB No. 44530)
Charles.Seyfarth@leclairryan.com
LeClair Ryan
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7159
Facsimile: (804) 916-7259

Megan S. Ben'Ary (VSB No. 47439)
Megan.BenAry@leclairryan.com
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-5933
Facsimile: (703) 647-5983

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Christopher C. North
751-A Thimble Shoals Blvd.
Newport News, Virginia 23606

*Counsel for Plaintiffs*


William D. Bayliss
Brendan D. O'Toole
Williams, Mullen, Clark & Dobbins, P.C.
Two James Center
1021 East Cary Street, 17th Floor
Richmond, Virginia 23219

David Israel
Sessions, Fishman, Nathan & Israel, L.L.P.
Lakeway Two, Suite 200
3850 N. Causeway Blvd.
Metairie, Louisiana 70002

Elizabeth Fite Blanco
Sessions, Fishman, Nathan & Israel, L.L.P.
9009 Corporate Lake Drive, Suite 300-S
Tampa, Florida, 33634

*Counsel for Third-Party Defendant NCO Financial Systems, Inc.*

                                                                             /s/