
FEB - 3 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALISIA DAILY,
    and others similarly situated

        Plaintiffs,

v.                                   Civil Action No.: 3:09-CV-031

NCO FINANCIAL SYSTEMS, INC.

and

NCO CUSTOMER MANAGEMENT, INC.

and

NCO GROUP, INC.,

        Defendants.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Alisia Daily (hereinafter referred to as "Plaintiff" or "Class Representative"), and defendants, NCO Financial Systems, Inc., NCO Customer Management, Inc., and NCO Group, Inc. (hereinafter collectively referred to as "NCO"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and

proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on May 19, 2011 at 2:00 p.m., after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit, and composed of 2 Subclasses:

> Subclass 1: All United States residents who applied for employment with NCO, or were employed with NCO, and were the subject of a background check where a "consumer report" as defined by the FCRA was obtained between January 14, 2007 and January 14, 2009 (hereinafter referred to as "Subclass 1 Members");
>
> Subclass 2: All Subclass 1 Members who received a letter stating that their application process or employment may be discontinued due to negative information revealed in the background check (hereinafter referred to as "Subclass 2 Members").

3. There are approximately 38,040 Subclass 1 Members and 3,027 Subclass 2 Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Alisia Daily as the Class Representative and Mr. Leonard A. Bennett and Mr. Christopher Colt North as Class Counsel.

5. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds

that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    The claims of the Plaintiff are typical of the claims of the Class Members;

    D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.    The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

7.    **THIRD-PARTY CLASS ACTION ADMINISTRATOR** – Class Counsel will hire a mutually agreed upon third party administrator (the TPA) to oversee the administration of the settlement and the notification to Class Members. NCO shall be responsible for all costs and

expense for the TPA. The TPA will be responsible for mailing the approved class action notices and claim forms to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the TPA for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks. NCO shall deposit $1,746,000 into this account no later than 15 days after Final Judgment Day, which will be allocated as follows: $743,850 in a Settlement Fund for Subclass 1 Members that submit a Claim Form within the delays allowed; and $522,000 for settlement payments made to Subclass 2 Members. The settlement checks shall issue from the Settlement Account only and the TPA will verify that the settlement checks were mailed.

8. **NOTICE** – The Court approves the form and substance of the written notices of class action settlement, attached to the Agreement as Exhibits C and D. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed written notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, NCO, through the TPA, shall cause the completed notice to be mailed to the Class Members as expeditiously as possible, but in no event later than 20 days after the Court's entry of this Order, *i.e., no later than February 23, 2011*. Additionally, NCO, through the TPA shall maintain a toll-free number and an Internet website that will (1) enable Settlement Class Members to access and download the Class Notice and other pertinent documents; (2) enable Settlement Class Members to download an opt-out form; (3) enable Subclass 1 class members to submit their

4

claim online; (4) provide a list of critical dates and deadlines in the settlement process; and (5) provide relevant updates and information with respect to the settlement and approval process.

9. **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the TPA with a postmark date no later than 50 days after the Court's entry of this Order, *i.e.*, *no later than March 25, 2011*. To be effective, the written request for exclusion must state the Class Member's full name, address, and telephone number, along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

10. **OBJECTIONS** – Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 50 days after the Court's entry of this Order, *i.e.*, *no later than March 25, 2011*. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: NCO Settlement, Consumer Litigation Associates, P.C. at 12515 Warwick Blvd., Suite 100, Newport News, Virginia 23606, and counsel for NCO, Attention: NCO Settlement, Sessions, Fishman, Nathan & Israel, L.L.P., at P.O. Box 6680, Metairie, LA 70009-6680. To be considered, the written objection must state: the Class Member's full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Class Member must attach to his or her objection any documents supporting the objection. Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

11. **CLAIM FORMS** – The Court preliminarily approves the form and substance of

the Claim Form for Subclass 1 Members, attached to the Agreement as Exhibit E. In order to receive a settlement payment, the Class Member must sign and return the Claim Form to the TPA identified on the Claim Form with a postmark date no later than 50 days after the Court's entry of this Order, *i.e.*, **no later than March 25, 2011**.

12. **SETTLEMENT PAYMENTS** – NCO will provide a total settlement payment of $1,746,000 (inclusive of all attorney's fees, settlement payments and if appropriate a *cy pres* award, but not including costs of notice and administration) to the TPA for distribution as follows:

A. Subclass 1 – The TPA will allocate $743,850 into a settlement fund ("Settlement Fund") for payments to Subclass 1 Members. The TPA will mail a settlement check of up to $180 to each Subclass 1 Member who does not exclude himself or herself from the class and whose completed Claim Form is received by the TPA, with a postmark date of no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. No later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement, the TPA shall provide to NCO a list of all individuals who have submitted a Claim Form.

B. Subclass 2 – The TPA will allocate $522,000 for settlement payments to Subclass 2 Members. The TPA will distribute a *pro rata* share to each Subclass 2 Member who does not exclude himself or herself from the class.

13. ***CY PRES* AWARD** – NCO will contribute $1,746,000 for the combined cash settlement payments, attorney's fees, and *cy pres*. To the extent there are funds remaining in the Settlement Fund after the claim-in process, those funds will first be used to pay for NCO's administration and notice costs up to $100,000. Any remaining funds will be donated to a *cy*

*pres* recipient, which will be selected by Class Counsel, subject to reasonable rejection by NCO and Court approval. The *cy pres* recipient will not be anyone who sues debt collectors, or provides advice on suing debt collectors. Any disputes will be decided by United States Magistrate Judge Dohnal.

14. **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on May 19, 2011, at 701 East Broad Street, Richmond, VA 23219, commencing at 2:00 P.M., to review and rule upon the following issues:

- A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

- C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

- D. To discuss and review other issues as the Court deems appropriate.

15. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

16. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorneys' fees and reimbursement of costs

and expenses by Class Counsel, shall be filed with the Court no later than 7 days prior to the Fairness Hearing, *i.e.*, **no later than May 12, 2011**. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date before the Final Fairness hearing.

17. The Agreement and this order shall be null and void if any of the following occur:

A. The Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

18. If the Agreement and/or this Order are voided per ¶ 17 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

19. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

20. The Court sets the following schedule:

| Date | Event |
| --- | --- |
| 2/3/11 | Preliminary Approval Order Entered |
| 2/23/11 | First Notice Sent |
| 3/25/11 | Deadline to Make Claim/Send Exclusion/File Objection |
| 5/12/11 | Motion for Final Approval/Attys' Fees Papers Filed |
| 5/19/11 | Fairness Hearing Held |

IT IS SO ORDERED.

DATED: February 3, 2011            /s/ _____
                                   John A. Gibney, Jr.
                                   United States District Judge