UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALISIA DAILY,
and others similarly situated

　　　　　　Plaintiffs,

v.                                                                                    Civil Action No.: 3:09-CV-031

NCO FINANCIAL SYSTEMS, INC.

And

NCO CUSTOMER MANAGEMENT, INC.

And

NCO GROUP, INC.,

　　　　　　Defendants.
_____/

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**Why did I get this notice?**

This is a notice of a proposed settlement in a class action lawsuit against NCO Financial Systems, Inc., NCO Customer Management, Inc. and NCO Group, Inc. (collectively NCO). The settlement would resolve a lawsuit brought on behalf of the following persons: (1) All United States residents who applied for employment with NCO, or were employed with NCO, and were the subject of a background check between January 14, 2007 and January 14, 2009 ("Subclass 1 Members"); and (2) all of these persons who received a letter stating that their application process or employment could be affected because of negative information in the background check ("Subclass 2 Members"). You have received this notice because records indicate that you are a member of this second group. Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

This lawsuit was filed on January 14, 2009, in the United States District Court for the Eastern District of Virginia. The plaintiff, Alisia Daily, claims that NCO violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* in 2 ways. First, plaintiff claims that NCO failed to provide disclosures required by the FCRA before procuring a consumer report (background check). Second, plaintiff claims that NCO failed to provide you a copy of your report and other required information before denying you a job or terminating employment.

NCO denies that it violated any law or regulation.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case Ms. Daily), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." Because some Class Members only meet one of the prongs of the Class Definition, the Class has been divided into "Subclasses." The settlement provides different forms of relief for the 2 different "Subclass Members." The Court resolves the issues for all Class Members and Subclass Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

The plaintiff and NCO have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the attorneys think the settlement is best for all Class Members.

**How do I know if my claims are included in the settlement?**

You received this notice because NCO's records identified you as a Subclass 2 Member. All Subclass 2 Members are also members of Subclass 1. Subclass 1 consists of all United States residents who applied for employment with NCO, or were employed with NCO, and were the subject of a background check where a "consumer report" as defined by the FCRA was obtained between January 14, 2007 and January 14, 2009. Subclass 2 consists of all Subclass 1 Members who received a letter stating that their application process or employment may be discontinued due to negative information revealed in the background check.

**What does the settlement provide?**

In this case, there are approximately 38,040 members in Subclass 1 and 3,027 members in Subclass 2. NCO has agreed to contribute $1,746,000 into a Settlement Fund for the combined cash settlement payments, attorney's fees and *cy pres* -$743,850 will be designated for payments to Subclass 1 members and $522,000 will be designated for payments to Subclass 2 members. Depending upon the number of individuals that claim-in, NCO will pay Subclass 1 Members that claim-in a check of up to $180. Assuming a 15% claim-in rate, each class member will receive a check for approximately $130.36. In addition, NCO will pay Subclass 2 Members that do not exclude themselves a *pro rata* share of $522,000. Assuming all 3,027 Subclass 2 Members participate in the settlement, each Subclass 2 Member can expect to receive a check for $172.45.

Subject to the Court's approval, NCO will pay $480,150 for attorneys' fees, costs, and expenses, which constitutes 27.5% of the total settlement value. NCO has agreed to pay the costs associated with the administration of the settlement. To the extent there are funds remaining in the Class Settlement Fund after the claim-in process, those funds will first be used to pay for NCO's administration and notice costs up to $100,000. Any remaining funds will be donated to a *cy pres* recipient, which will be chosen by Class Counsel, subject to reasonable rejection by NCO and approval by the Court.

**How much will I be paid?**

NCO will pay each Subclass 2 Member that does not exclude himself from the settlement a *pro rata* share of $522,000. Assuming all 3,027 Subclass 2 Members participate in the settlement, each Subclass 2 Member can expect to receive a check for $172.45. Your payment will be automatically mailed. You do not need to claim-in.

In order to receive a Subclass 1 settlement payment, you will need to claim-in.  You will receive a notice outlining your Subclass 1 claim-in obligations and should follow those instructions accordingly.

**How was the amount of my payment determined?**

A federal court magistrate judge acted as a neutral mediator and helped the parties settle the case.  After evaluating the costs, risks, and delays the parties would have encountered bringing this case to trial, the parties arrived at the settlement amounts.

Unlike many class action settlements, the payment you are entitled to receive will not be reduced by attorney's fees, costs, or expenses, which NCO has agreed to pay separately from the settlement payments.  Class Counsel first obtained the class settlement, and only negotiated the amount of attorney's fees, costs, and expenses that NCO would pay after the class settlement was agreed-upon.  This attorney's fees negotiation was also facilitated by the magistrate judge.

**How can I get a payment?**

Provided you do not exclude yourself from the settlement, you will automatically receive a check for your participation in Subclass 2.  You do not need to claim-in to receive this payment.

In order to receive a Subclass 1 settlement payment, you will need to claim-in.  You will receive a notice outlining your Subclass 1 claim-in obligations and should follow those instructions accordingly.

**When will I be paid?**

If the Court approves the settlement, you will be paid as soon as possible after the Court order becomes final.  If there is an appeal of the settlement, payment may be delayed.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against NCO regarding the legal issues that were raised or could have been raised in this case.  Giving up your legal claims is called a release.  Unless you formally exclude yourself from this settlement, you will release your claims.

The released parties collectively include NCO Financial Systems, Inc., NCO Customer Management, Inc., NCO Group, Inc. and their agents, servants, and attorneys.  You will be releasing these parties from all claims relating to NCO's employment background check process.

For more information on the release, released parties, and released claims, you may obtain a copy of the Settlement Agreement from the Court at the address below, at 877-839-1550, or at www.NCOFCRASettlement.com.

**Can I exclude myself from the settlement?**

You may exclude yourself from the settlement.  If you exclude yourself from the settlement, you will not receive any payment from NCO, but you will retain the right to sue NCO separately, at your own expense, for any claims you might have.

**How do I exclude myself from the settlement?**

If you wish to be excluded, you must submit an "Opt Out" form electronically at www.NCOFCRASettlement.com or mail a written request for exclusion to the Settlement Administrator at:

**First Class, Inc. / J11214-Daily**
**5410 W. Roosevelt Rd., Ste. 222**
**Chicago, IL 60644-1479**

Your request for exclusion must be in writing and submitted electronically or postmarked on or before ***May 5, 2011***. The request must state: "I do not want to be part of the Class in *Daily v. NCO Financial Systems, Inc., et al.,* Case No. 3:09-CV-031." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on ***May 19, 2011, at 2:00 P.M.*** The hearing will be held in the United States District Court, Eastern District of Virginia, Lewis F. Powell, Jr. US Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

**Do I have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak. To do so, you must send a letter stating that it is your intention to appear in *Daily v. NCO Financial Systems, Inc., et al.* Be sure to include your name, address, telephone number, and signature. Your letter stating your intention to appear must be received no later than ***May 5, 2011***, and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement. Once you have excluded yourself, the settlement does not affect your legal rights.

**What if I want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable. If you wish to object, you must write a letter to the Court stating the specific reason for your objection, and describe any evidence you wish to introduce to support your objection. Please include your name, address, telephone number, and your signature. Your letter must be mailed to all of the locations listed below, postmarked by ***May 5, 2011***. You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard Bennett<br>Consumer Litigation Associates, P.C.<br>12515 Warwick Blvd., Suite 100<br>Newport News, VA 23606 | David Israel, Esq.<br>Allison Cannizaro, Esq.<br>SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC<br>Lakeway Two, Suite 200<br>3850 N. Causeway Blvd.<br>Metairie, LA 70002-1752 |

**What if I do nothing?**

If you do nothing, you will receive a settlement check for your participation in Subclass 2. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

**Who represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Christopher Colt North, Esq.
THE CONSUMER & EMPLOYEE RIGHTS
LAW FIRM, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Telephone: (757) 873-1010
Facsimile: (757) 873-8375

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. Additional information can be obtained at 877-839-1550 and/or www.NCOFCRASettlement.com. All pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Eastern District of Virginia. **Please do not call the Judge about this case.** Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.

Clerk of Court
United States District Court
Eastern District of Virginia

DATED: , 2011

**First Class, Inc. J11214**
**5410 W Roosevelt Rd Suite 222**
**Chicago, IL 60644-1479**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
CHICAGO IL
PERMIT NO. 3182

**ELECTRONIC SERVICE REQUESTED**

\*1121400001\*

JOHN Q. SAMPLE   J11214   1-1
123 ANY STREET
CITY, STATE ZIP
/123456789123/