IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALISIA DAILY, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.         Civil Action No.: 3:09-CV-031

and

NCO CUSTOMER MANAGEMENT, INC.

and

NCO GROUP, INC.

    Defendant
_____/

### AFFIDAVIT OF MARGARET A. CAMPOS

STATE OF ILLINOIS, COUNTY OF COOK

I, Margaret A. Campos, under penalty of perjury affirm that the following statements are true:

1. I am a Case Manager for First Class, Inc. (FCI) and have personal knowledge of this matter.

2. That First Class, Inc., a Class Action Administration Service, was retained to send the notices to the class members and to provide administration services for this case.

1

3. That as of the date of this affidavit, First Class, Inc. has been paid for the initial notice printing, mailing, and administration in the amount of $45,511.49, and has also been paid for the second notice printing, mailing, and administration in the amount of $12,600.74.

4. That the class lists were received from Allison Cannizaro of Sessions Fishman Nathan & Israel L.L.C. Subclass 1 contained 38,040 records and Subclass 2 contained 3,018 records.

5. That prior to mailing, FCI followed standard practice and searched for exact duplicate records, and unmailable records. 830 exact duplicate records were removed. 2,009 records with incomplete or incorrect mailing information were forwarded to counsel for review, and then removed from the mailing list per instructions. After removing aforementioned records, Subclass 1 contained 35,212 records and Subclass 2 contained 3,007 records.

6. FIRST NOTICE MAILING

    A. That prior to mailing the notice to the individuals on the class mailing list, First Class, Inc. followed its standard practice of processing the list through the Coding Accuracy Support System (CASS) and the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows First Class, Inc. to verify the address is correctly formatted for delivery and it also corrects zip codes.

    B. That prior to mailing the notice to individuals on the class mailing list, First Class, Inc. followed its standard practice of checking for, and removing exact duplicate records within the class list, and in this case, 830 exact duplicates were found.

    C. That the Subclass 1 notice was mailed on February 18, 2011 to 35,212 class members.

    D. That the Subclass 2 notice was mailed on February 18, 2011 to 3,007 class members.

    E. That the notices were mailed via First Class mail, postage prepaid, with Electronic Service Requested.

F. The US Postal Service's ACS (Address Change Service) has been unavailable since April 1, 2011 because of technical problems the US Postal Service has not been able to transmit the undeliverable and change of address information to mailers since the problem occurred. This ACS system is a nationwide computerized system which reads barcodes from mail and consolidates the information. The US Postal Service has stated that they will make this information available to mailers in the near future via CDROM. Because of this issue, complete counts for undeliverable notices and changes of address notices are not included in this affidavit. I expect to provide a supplemental affidavit with updated counts once the information becomes available.

G. As of May 9, 2011, a total of 5,943 claims were submitted to FCI. 5,737 executed Subclass 1 member claim forms are postmarked on or before the March 25, 2011 cutoff date and are counted as valid. An additional 138 claim forms were received and postmarked after the March 25, 2011 deadline and are not currently counted as valid. An additional 68 timely claim forms received were questionable, and have been sent to Class Counsel for review; of these, class counsel has denied one of them and the rest are to be determined.

H. That as of May 9, 2011 a total of 9,765 Subclass 1 notices were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

I. That as of May 9, 2011 a total of 948 Subclass 1 notices were returned by the U.S. Postal Service with a new address and remailed.

J. That as of May 9, 2011 a total of 951 Subclass 2 notices were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

K. That as of May 9, 2011 a total of 94 Subclass 2 notices were returned by the U.S. Postal Service with a new address and remailed.

3

7. SECOND NOTICE MAILING

   A. On March 18th, the list of undeliverable notices was sent to Allison Cannizaro of Sessions Fishman Nathan & Israel L.L.C. containing 10,336 records, which was then forwarded to Lexis Nexis and Trans Union to attempt to obtain updated addresses. Lexis Nexis returned a list of 10,337 records with updated names and addresses. Trans Union returned a list of 10,250 records with updated names and addresses. Both lists were merged and all exact duplicate names and addresses were removed, which resulted in a total of 16,350 records. We were able to determine the subclass successfully for all but 50 of the records which could not be linked to any of the original class members. These records were removed from the mailing list and were not sent a notice as part of the second notice mailing.

   B. That the Subclass 1 notice was mailed for the second time on April 12, 2011 to 16,054 class members.

   C. That the Subclass 2 notice was mailed for the second time on April 12, 2011 to 246 class members.

   D. That the notices were mailed via First Class mail, postage prepaid, with Electronic Service Requested.

   E. As of May 9, 2011, a total 990 claims were submitted to FCI. 969 executed Subclass 1 member claim forms are postmarked on or before May 5, 2011 and counted as valid. 13 claim forms were received and postmarked after the May 5, 2011 deadline and are not counted as valid. Two of these late claim forms are questionable and were sent to Class Counsel for review; since there has not yet been a determination, they are not counted as valid or invalid at this point. 8 timely claim forms which are questionable have been sent to Class Counsel for review. Since there has not yet been a determination, they have not counted as valid or invalid at this point.

F.  That as of May 9, 2011 a total of 9,553 Subclass 1 notices from the second mailing were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

G.  That as of May 9, 2011 a total of 824 Subclass 1 notices from the second mailing were returned by the U.S. Postal Service with a new address and remailed.

H.  That as of May 9, 2011 a total of 153 Subclass 2 notices from the second mailing were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

I.  That as of May 9, 2011 no Subclass 2 notices from the second mailing were returned by the U.S. Postal Service with a new address.

8.  That as of May 9, 2011, no objections have been received.

9.  That as of May 9, 2011, 15 timely requests for exclusion have been received from the individuals listed in Exhibit A; there were no late requests for exclusion.

10. When combining the first and second mailing it was discovered that 8 claimants had submitted claims for both mailings.  4 of the claims submitted for the second mailing were missing the source field and therefore could not be matched with an entry from the first mailing.  In addition 58 claim forms were members of a "dupe group".  In this circumstance a "dupe group" is a set of two or three claims from the second mailing that match with one unique record from the first mailing.  These 58 claims are divided into 28 dupe groups which were forwarded to the attorneys for review.  Of these 58 dupe group members, 28 were merged into the original mailing and are considered valid claims.  The remaining 30 are considered neither valid nor invalid as of now.

11. The following table is an overall summary:

| Daily Combined Counts (both mailings combined) | |
|---|---|
| Total Claims Received from First Notice | 5,943 |
| Total Claims Received from Second Notice | 990 |
| Sum of Claims Received | 6,933 |
| | |
| Less Double Submissions (submitted from both mailings) | 8 |

5

| | |
|---|---:|
| Less Missing Source or duplicate source that was not merged | 34 |
| Net Total Claims for Combined Database | 6,891 |
| | |
| On Time Claims | 6,664 |
| Late Claims | 149 |
| On Time Claims TBD | 75 |
| Late Claims TBD | 2 |
| Denials | 1 |
| | |
| On Time Exclusions | 15 |
| Late Exclusions | 0 |
| On Time Objections | 0 |

FURTHER AFFIANT SAYETH NOT.

_____   _____
AFFIANT                                        NOTARY PUBLIC

> OFFICIAL SEAL
> MICHAEL CAINES
> Notary Public - State of Illinois
> My Commission Expires Sep 13, 2014

SWORN TO AND SUBSCRIBED before me this

___12th___ day of ___MAY___, 2011 by
Margaret A. Campos of First Class, Inc.

6



Requests for Exclusion
(All Timely)

| Name | City | State | Zip |
|---|---|---|---|
| Darrien Bradley | Rockford | IL | 61108-3911 |
| Dorotha Karge | Williamstown | NJ | 08094-7528 |
| April Sherrill | Chesapeake | VA | 23324-3101 |
| Cynthia Combs | Summerville | SC | 29485-8888 |
| Phillip Clicquot | Chicago | IL | 60639-4319 |
| David Rice | Pottstown | PA | 19464-5830 |
| Stacey Skibicki | Lutz | FL | 33558-6382 |
| James Bernard | Surprise | AZ | 85379-4737 |
| Juan Cuadros | Staten Island | NY | 10310-2310 |
| Bernard Zeng | Great Falls | VA | 22066-2613 |
| Tou Yang | Winder | GA | 30680-2961 |
| Shana Clepper | Loveland | OH | 45140-1906 |
| David Gaffey | Cincinnati | OH | 45209-1309 |
| Kim Thorning | Terrytown | LA | 70056-2809 |
| Deborah Seto | Houston | TX | 77066 |