IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MAY 2 0 2011

ALISIA DAILY,
and others similarly situated

Plaintiffs,

v.

Civil Action No.: 3:09CV031-JAG

NCO FINANCIAL SYSTEMS, INC.

and

NCO CUSTOMER MANAGEMENT, INC.

and

NCO GROUP, INC.,

Defendants.

## FINAL ORDER AND JUDGMENT

On January 14, 2009, plaintiff, Alisia Daily (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendants, NCO Financial Systems, Inc., NCO Customer Management, Inc., and NCO Group, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Fair Credit Reporting Act (hereinafter referred to as the "FCRA"), 15 U.S.C. § 1681, *et seq.*

NCO denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, discovery and a mediation, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement

1

Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On February 1, 2011, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, NCO served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On February 3, 2011, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Alisia Daily as the Class Representative; (iv) appointed Mr. Leonard A. Bennett and Mr. Christopher Colt North as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On May 12, 2011, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On May 19, 2011, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.    **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit, and composed of 2 Subclasses:

> Subclass 1: All United States residents who applied for employment with NCO, or were employed with NCO, and were the subject of a background check where a "consumer report" as defined by the FCRA was obtained between January 14, 2007 and January 14, 2009 (hereinafter referred to as "Subclass 1 Members");

> Subclass 2:  All Subclass 1 Members who received a letter stating that their application process or employment may be discontinued due to negative information revealed in the background check (hereinafter referred to as "Subclass 2 Members").

3.    There are approximately 38,040 Subclass 1 Members and 3,027 Subclass 2 Members.

4.    **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Alisia Daily as the Class Representative and Mr. Leonard A. Bennett and Mr. Christopher Colt North as Class Counsel.

5.    **NOTICES AND CLAIM FORMS** – Pursuant to the Court's Preliminary Approval Order, as supplemented by Order dated April 5, 2011, the approved class action

notices were mailed, along with the claim forms. The form and method for notifying the Class

Members of the settlement and its terms and conditions were in conformity with this Court's

Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and

due process, and constituted the best notice practicable under the circumstances. The Court finds

that the notice was clearly designed to advise the Class Members of their rights.

6.   **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies

the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.   The Class Members are so numerous that joinder of all of them in the Lawsuit is
impracticable;

B.   There are questions of law and fact common to the Class Members, which
predominate over any individual questions;

C.   The claims of the Plaintiff are typical of the claims of the Class Members;

D.   The Plaintiff and Class Counsel have fairly and adequately represented and
protected the interests of all of the Class Members; and

E.   Class treatment of these claims will be efficient and manageable, thereby
achieving an appreciable measure of judicial economy, and a class action is
superior to other available methods for a fair and efficient adjudication of this
controversy.

7.   The Court finds that the settlement of the Lawsuit, on the terms and conditions set

forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best

interest of the Class Members, especially in light of the benefits to the Class Members; the

strength of the Plaintiff's case; the complexity, expense, and probable duration of further

litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment

4

obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

8.    **SETTLEMENT TERMS** – The Agreement, which was filed on February 1, 2011 (Docket No. 46, Exh. 1), shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.    NCO must pay each Subclass 1 Member who timely submitted a completed claim form a *pro rata* share of the $1,026,000.00 designated for distribution to Subclass 1 Members before the award of attorneys fees, costs and an incentive award;

B.    NCO must pay each Subclass 2 Member a *pro rata* share of the $720,000.00 designated for distribution to Subclass 2 Members before the award of attorneys fees, costs and an incentive award;

C.    NCO will contribute $1,746,000 for the combined cash settlement payments, attorneys' fees, and *cy pres*. To the extent there are funds remaining in the Settlement Fund after the claim-in process, those funds will first be used to pay for NCO's administration and notice costs up to $100,000. Any remaining funds will be donated to ⟋⟍ ⟋⟍ ⟍⟋ a *cy pres* recipient.

D.    NCO must pay Class Counsel a total of $480,150 in attorneys' fees, costs, and expenses, which constitutes 27.5% of the total settlement value.

9.    **OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and

5

settlement and are not bound by this Order. Only 15 Class Members requested exclusion. The identities of such persons are set forth in Exhibit A, attached hereto.

10.     This Order is binding on all Class Members, except those individuals identified in Exhibit A hereto.

11.     **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

12.     The Lawsuit is hereby dismissed with prejudice in all respects.

13.     This Order is not, and shall not be construed as, an admission by NCO of any liability or wrongdoing in this or in any other proceeding.

14.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

It is SO ORDERED.

/s/
John A. Gibney, Jr.
United States District Judge

DATED: May 19, 2011

6



Requests for Exclusion
(All Timely)

| Name | City | State | Zip |
|------|------|-------|-----|
| Darrien Bradley | Rockford | IL | 61108-3911 |
| Dorotha Karge | Williamstown | NJ | 08094-7528 |
| April Sherrill | Chesapeake | VA | 23324-3101 |
| Cynthia Combs | Summerville | SC | 29485-8888 |
| Phillip Clicquot | Chicago | IL | 60639-4319 |
| David Rice | Pottstown | PA | 19464-5830 |
| Stacey Skibicki | Lutz | FL | 33558-6382 |
| James Bernard | Surprise | AZ | 85379-4737 |
| Juan Cuadros | Staten Island | NY | 10310-2310 |
| Bernard Zeng | Great Falls | VA | 22066-2613 |
| Tou Yang | Winder | GA | 30680-2961 |
| Shana Clepper | Loveland | OH | 45140-1906 |
| David Gaffey | Cincinnati | OH | 45209-1309 |
| Kim Thorning | Terrytown | LA | 70056-2809 |
| Deborah Seto | Houston | TX | 77066 |